IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES STINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:15-cv-155-WKW |
| | ) |
| DIANCA MCDANIELS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER AND RECOMMENDATION OF
# THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1) and second Motion for Extension of Time (Doc. 6), wherein Plaintiff seeks ninety additional days to pay the required filing fee or complete and return the application to proceed *in forma pauperis*. On March 16, 2015, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate."  Order (Doc. 2).

At the time Plaintiff filed his complaint on March 10, 2015, he did not submit an application to proceed *in forma pauperis* and he did not pay the required filing fee.  *See* (Doc. 1).  Rather than recommending that the case be dismissed, the undersigned ordered Plaintiff to either pay the fee or file the application to proceed *in forma pauperis* on or before March 30, 2015.  (Doc. 3).  In the order, Plaintiff was "***warned that failure to comply with this Order will result in the undersigned's recommendation that this case***

*be dismissed*." *Id.* at 1 (emphasis in original). Plaintiff then filed his first motion for extension (Doc. 4), which was granted to the extent that Plaintiff was given until April 22, 2015, to comply with the court's order. Order (Doc. 5). Again, Plaintiff was "***warned that failure to comply with this Order will result in the undersigned's recommendation that this case be dismissed***." *Id.* at 1 (emphasis in original). Accordingly, Plaintiff was allotted an additional forty-three days from the date he filed his complaint to pay the requisite filing fee or return the application to proceed *in forma pauperis* that was mailed to Plaintiff with each of the court's orders, and Plaintiff was twice warned that failure to comply would result in a recommendation of dismissal.

Rather than complying with the court's order, Plaintiff filed a second motion for extension of time (Doc. 6), which is *identical* to the first motion for extension. Plaintiff avers that, because he is currently incarcerated, he "is at a Financial, as well as Legal, disadvantage." *Id.* at 1 (emphasis in original). Plaintiff explains that he is "to be released on April 30, 2015, and Plaintiff will be better equipped to proper handle his Financial obligations to this Court." *Id.* Plaintiff continues as follows:

> The Plaintiff is requesting ninety (90) days, because, upon arriving home, the Plaintiff will need time to tend to his Medical and Financial Matters immediately, and this will take some time. Also the Plaintiff will need time to adjust to his re-entry into society.
>
> The Plaintiff does not request this extension of time for the purpose of delaying his proceedings, in fact quite the opposite is true, the Plaintiff would like these proceedings to be expedited upon his release.

*Id.* at 2.

"Parties instituting a civil action in district court are required to pay filing fees," unless the litigant is granted leave to proceed without prepayment of fees by filing an affidavit to proceed *in forma pauperis*. *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) (citing 28 U.S.C. §§ 1914(a, c), 1915(A)(1)-(2)).

By repeatedly failing to pay the required filing fee or complete and return the application to proceed *in forma pauperis*, Plaintiff has failed to properly file this action. The fact that Plaintiff is incarcerated does not excuse him from his obligation to orderly prosecute his action and comply with orders from the court. Additionally, incarcerated plaintiffs frequently file lawsuits in this court and either pay the filing fee or seek leave to proceed *in forma pauperis*; Plaintiff has not shown any special circumstances that make him unable to do the same. Indeed, if Plaintiff is at a "financial disadvantage," as he asserts, it behooves him all the more to simply complete and return the *in forma pauperis* application this court has provided him on two occasions. Instead, Plaintiff has responded to the court's order by disregarding the form provided by the court and mailing the court identical motions for extensions of time. Lastly, Plaintiff seeks three months to "adjust to re-entry into society" and then, when he is ready to prosecute his action, he requests that the court expedite his case. The court's schedule and process do not operate at Plaintiff's whim. This matter should be dismissed without prejudice.[1]

---

[1] The court would also note that Plaintiff's complaint appears to be frivolous on its face. Plaintiff does not state any cause of action under which he seeks relief and does not provide a basis for this court's jurisdiction. Further, to the extent any "claims" are discernible, they appear to be time-barred as all events discussed in the complaint took place in or before 2011. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir.1992); Ala. Code § 6–2–38(l) (the general statute of limitations in Alabama is two years).

For the reasons stated above, it is

ORDERED that Plaintiff's second the Motion for Extension of Time (Doc. 6) is DENIED.

Further, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED without prejudice for failure to pay the requisite filing fee or file an application to proceed *in forma pauperis*, failure to prosecute this action, and failure to comply with orders of the court.  Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **May 11, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of April, 2015.

                                /s/ Wallace Capel, Jr.
                                WALLACE CAPEL, JR.
                                UNITED STATES MAGISTRATE JUDGE